UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:21-CR-00018-GNS

UNITED STATES OF AMERICA  PLAINTIFF

v.

FREDDY MANUEL GONZALEZ; and
XAVIOR CAINE POSEY  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Gonzalez's Motion and Amended Motion for Disclosure of Alleged Co-Conspirator Statements (DNs 83, 84) and Defendant Posey's Motion to Join Defendant Gonzalez's Motions (DN 86). The motions are ripe for adjudication.

### I. SUMMARY OF THE FACTS

Defendants Freddy Manuel Gonzalez ("Gonzalez") and Xavior Caine Posey ("Posey") were indicted for allegedly coordinating a murder-for-hire that resulted in B.R.'s murder. (Indictment, DN 14). Andy Martin Schmucker ("Schmucker") was separately indicted for, and pled guilty to, being an accessory after the fact by allegedly driving Posey away from the scene of B.R.'s murder. Indictment, *United States v. Schmucker*, No. 1:21-CR-00028-GNS-1 (W.D. Ky. Aug. 11, 2021), DN 12; Order, *United States v. Schmucker*, No. 1:21-CR-00028-GNS-1 (W.D. Ky. Feb. 22, 2023), DN 37 (noting this Court's acceptance of Schmucker's plea). Gonzalez claims Posey made comments about the murder to Schmucker, who relayed that information to the police. (Def.'s Am. Mot. Disclose 2, DN 84). As such, Gonzalez moves for the disclosure of Posey's comments within Schmucker's statements. (Def.'s Am. Mot. Disclose 3-9). Posey moves to join the motion. (Def.'s Mot. Join, DN 86).

## II.   DISCUSSION

"As opposed to the broad scope of discovery in civil cases, the discovery available to a criminal defendant is relatively constricted, and is generally circumscribed by three rules: (1) Fed. R. Crim. P. 16; (2) The Jencks Act, 18 U.S.C. § 3500; and (3) the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83 (1963)." *United States v. Hayes*, 376 F. Supp. 2d 736, 738 (E.D. Mich. 2005) (footnote omitted) (citation omitted).  Fed. R. Crim. P. 16 requires disclosure to the defendant of the defendant's oral statements "in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial," but disclosure is limited to the Jencks Act as it relates to prospective government witnesses.  Fed. R. Crim. P. 16(a)(1)(A), 16(a)(2).  Under the Jencks Act, the government must produce a witness's statement or report, but disclosure is not required "until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a).[1]  Finally, in *Brady*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment . . . ." *Brady*, 373 U.S. at 87.  Even then, "it is clear that, where material arguably exempted from any pre-trial disclosure by the Jencks Act is also arguably *Brady* material, *Brady* is not violated if the material is disclosed in time for its effective use at trial." *United States v. Spry*, 238 F. App'x 142, 147 (6th

---

[1] The Jencks Act contains an exception to this non-disclosure when the statement or report is made by the defendant.  *See* 18 U.S.C. § 3500(a) (providing that a statement made by a "prospective Government witness (other than the defendant)" shall not be subject to disclosure until after direct examination).  A witness's statement which contains a defendant's statement does not meet this criterion, however.  *See United States v. Wilkerson*, 456 F.2d 57, 61 (6th Cir. 1972) (rejecting that "the statement of the Government witness [which] embodies a 'confession' made to the witness by the defendant" must be disclosed under Fed. R. Crim. P. 16(a)); *cf. United States v. Carter*, 621 F.2d 238, 240 (6th Cir. 1980) ("But where the [defendant's] statement is originally memorialized only in the recollection of a witness, then it is not discoverable . . . ." (quoting *United States v. Feinberg*, 502 F.2d 1180, 1182-83 (7th Cir. 1974))).

Cir. 2007) (citation omitted); *accord United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988) ("The clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial." (citations omitted)); *see also Spry*, 238 F. App'x at 147 ("If previously undisclosed evidence is disclosed . . . during trial, no *Brady* violation occurs unless the defendant has been prejudiced by the delay in disclosure." (quoting *United States v. Word*, 806 F.2d 658, 665 (6th Cir. 1986))).

Posey's statements are not disclosable under Fed. R. Crim. P. 16, as Rule 16(a)(1)(A) requires an interrogation by a known government agent, and the parties do not allege Schmucker to be such an agent. *See* Order, *United States v. Schmucker*, No. 1:21-CR-00028-GNS-1 (W.D. Ky. Feb. 22, 2023), DN 37. The Jencks Act also precludes pre-direct examination disclosure of Schmucker's statements. *See* Fed. R. Crim. P. 16(a)(2); 18 U.S.C. § 3500(a). Finally, the government is not obligated to disclose these statements under *Brady*, as post-direct examination production of the statements will not result in a violation (absent a showing of prejudice). *See Spry*, 238 F. App'x at 147. Gonzalez claims that non-disclosure will "greatly prejudice" him but does not explain further. (*See* Def.'s Am. Mot. Disclose 9).

Gonzalez explains that "the context and content of the statements are completely unknown," and the failure to disclose Schmucker's statements which recount Posey's comments implicates Confrontation Clause and hearsay issues, so "[p]re-trial disclosure is necessary to ensure these statements satisfy both *Bruton v. United States*, 391 U.S. 123 (1968), and [Fed. R. Evid.] 801(d)(2)(E), before they are presented to the jury." (Def.'s Am. Mot. Disclose 3, 8). Gonzalez offers three resolutions and voices his preference for the first option: (1) conduct a mini-hearing outside the jury's presence as to the United States' proof on the statements' admissibility

3

under Fed. R. Evid. 801(d)(2)(E); (2) require the United States to establish a conspiracy by a preponderance of the evidence before this Court decides whether the statements are admissible; or (3) conditionally admit the statements subject to a later showing of their admissibility. (Def.'s Am. Mot. Disclose 8 (citation omitted)). All three are all premised on the United States' presentation at trial, so it is premature to compel disclosure.

This matter is set for a jury trial beginning on November 28, 2023. (Order, DN 87). This Court recently dealt with disclosure issues under the Jencks Act, which were resolved during trial. *See* Defs.' Mot. Produc., *United States v. Maike*, No. 4:17-CR-00012-GNS-CHL (W.D. Ky. Aug. 19, 2022), DN 524; Order, *United States v. Maike*, No. 4:17-CR-00012-GNS-CHL (W.D. Ky. Sept. 14, 2022), DN 562 (noting that Defendants' motion to produce was ruled upon during trial). Gonzalez posits that evidentiary issues may emerge if the government introduces these comments, but these issues have yet to develop; Gonzalez may object to them should they arise at trial.

Therefore, Gonzalez's motion is denied as premature. Accordingly, Posey's motion to join Gonzalez's motion is moot.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Gonzalez's Motion and Amended Motion for Disclosure of Alleged Co-Conspirator Statements (DNs 83, 84) are **DENIED AS PREMATURE**, and Defendant Posey's Motion to Join Defendant Gonzalez's Motions (DN 86) is **DENIED AS MOOT**.

Greg N. Stivers, Chief Judge
United States District Court

April 17, 2023

cc: counsel of record